[Crim. No. 667.   Second Appellate District, Division Two.—July 23, 1919.]

## THE PEOPLE, Respondent, v. RITO TRIGAROS, Appellant.

[1] CRIMINAL LAW—MURDER—PLEA OF SELF-DEFENSE—EVIDENCE—VERDICT—APPEAL.—In this prosecution for murder, the defendant having interposed a plea of killing in self-defense, but his testimony and that of his witnesses having been greatly discredited by the fact that, although questioned on the subject immediately following the killing, the defendant made no mention of an attack or threatened attack by the deceased, the appellate court could not say that the jury was not justified in rejecting the evidence tending to show a justifiable homicide.

[2] ID.—INTERFERENCE WITH JURY VERDICT—WHEN JUSTIFIABLE.—It requires a clear case—one in which there is an absence of evidence against the prisoner or a decided preponderance of evidence in his favor—to justify an interference with the verdict of the jury.

[3] ID.—APPREHENSION OF DANGER—CHARACTER OF DECEASED—INSTRUCTIONS.—In a prosecution for murder there is no occasion for an instruction as to apprehension of danger from one of rash and violent disposition if there is no evidence that the deceased was known as a dangerous character.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert J. Adcock for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

SLOANE, J.—The defendant was convicted of manslaughter on an information charging him with the murder of Ascension Ramirez. The defendant admitted the killing, but claimed that Ramirez came to his house, insulted and threatened him, and then threw a beer bottle at him, and attempted to assault him with an iron of some description in his hand, and that he shot him in self-defense.

42 Cal. App.—23

We find no sufficient ground for disturbing the verdict of the jury. The defendant was found guilty of manslaughter. That he shot and killed Ascension Ramirez is not disputed. The only question as to the justness of the verdict arises under the plea of self-defense. The facts testified to on behalf of the defendant, if true, would justify the homicide. The jury evidently did not accept the evidence as true.

According to the testimony on behalf of the people, neither the defendant nor his relatives and friends, who witnessed the shooting, in giving an account of what took place to the officer and those accompanying him on their visit to the place of the tragedy soon after it occurred, while they told of the insulting remarks and threats of Ramirez, made any reference to any attempt on his part to attack defendant with a bottle or piece of iron, or any other weapon, although they were questioned as to the nature of the provocation for the shooting. This omission tends to discredit their subsequent story as being fabricated.

The interpreter, Dominguez, who was present at the place of the shooting with the officer, soon after it occurred, testifies: "I asked Trigaros if he shot Ascension Ramirez, and he said 'Yes'; I asked him what was the trouble, and he said: 'He came here and insulted me and I shot him.' I said: 'Did he threaten you? Draw anything against you?' He said: 'No.' I said: 'That is a poor way to do, to kill a man just because he called you a bad name.'" The constable, Freeman, who interrogated the defendant at the same time, testifies that in answer to the query as to why he shot Trigaros, he answered that he shot him for "disturbing his peace." The witnesses, Freeman and Borden, also testify that on the night of the shooting they carefully looked over the ground in the vicinity with their searchlights and found no evidence of the beer bottle or the iron alleged to have been seen in the hands of the man who was shot, and which defendant's sister-in-law claimed to have found there two or three days later. The evidence as to the size and nature of this piece of iron is very vague and indefinite.

[1] We cannot say that the jury was not justified in rejecting the evidence tending to show a justifiable homicide.

[2] "It requires a clear case—one in which there is an absence of evidence against the prisoner or a decided preponderance of evidence in his favor—to justify an interference with the verdict of the jury." (*People* v. *Ah Loy*, 10 Cal. 301.)

The instructions were ample, and as favorable to the defendant as they properly could be, on the question of self-defense, and fully covered the ground to which the refused instructions were directed. [3] There was no occasion for the instruction as to apprehension of danger from one of rash and violent disposition, as there was no evidence that the deceased was known as a dangerous character. The law of the other instructions, the refusal of which is complained of, was fully covered by instructions given.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.